UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| LEVITON MANUFACTURING COMPANY, INC., : | CIVIL ACTION NO. _____ |
| Plaintiff, : | |
| v. | |
| UNIVERSAL SECURITY INSTRUMENTS, INC. : and USI ELECTRIC, INC., | **COMPLAINT & JURY DEMAND** |
| : | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

The Plaintiff, Leviton Manufacturing Company, Inc. ("Leviton"), by its attorneys, hereby sues the Defendants, University Security Instruments, Inc. and USI Electric, Inc. (collectively, the "USI Defendants"), for infringement of U.S. Patent Nos. 6,040,967, 6,246,558, 6,282,070, 6,288,882, 6,381,112 and 6,437,953 (the "Reset Lockout Patents"), false advertising, deceptive acts, deceptive practices, and unfair competition. The following statements made with respect to the USI Defendants are made on information and belief; statements made regarding Leviton's case are based on personal knowledge as well as best available information and belief under the law.

**JURISDICTION AND VENUE**

1. This is an action for patent infringement under Title 35 of the United States Code; unfair competition and false advertising under Title 15 of the United States Code (hereinafter the "Lanham Act"); false advertising; and unfair competition under the laws of the State of Maryland.

2. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a) and 1367, 35 U.S.C. §§ 271, 281-288, 15 U.S.C. §§ 1116, 1121 and 1125, and the principles of pendent jurisdiction.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)-(c) and 1400(b) since it is the judicial district in which the USI Defendants are doing business and/or in which the claims hereinafter set forth arose.

## THE PARTIES

4. The Plaintiff, Leviton, is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 59-25 Little Neck Parkway, Little Neck, New York 11362.

5. The USI Defendants are companies organized and existing under the laws of the State of Maryland, having their principal place of business at 7-A Gwynns Mill Courts, Owings Mills, Maryland 21117, and conducting business throughout this District and in the State of Maryland.

## PATENTS IN SUIT

6. Leviton is the owner of six (6) United States Patents (hereinafter "Reset Lockout Patents") which cover ground fault circuit interrupter ("GFCI") technology having a feature known as Reset Lockout. On March 21, 2000, United States Patent No. 6,040,967 (the "'967 Patent"), entitled "Reset Lockout for Circuit Interrupting Device," was duly and legally issued by the United States Patent and Trademark Office to Leviton, as assignee of inventor, Nicholas L. DiSalvo. (A copy of the '967 Patent is appended hereto as Exhibit A).

7. On June 12, 2001, United States Patent No. 6,246,558 (the "'558 Patent"), entitled "Circuit Interrupting Device With Reverse Wiring Protection," was duly and legally issued by the United States Patent and Trademark Office to the Plaintiff, Leviton, as assignee of co-inventors, Nicholas L. DiSalvo and William R. Ziegler. (A copy of the '558 Patent is appended as Exhibit B).

8. On August 28, 2001, United States Patent No. 6,282,070 (the "'070 Patent"), entitled "Circuit Interrupting System With Independent Trip and Reset Lockout," was duly and legally issued by the United States Patent and Trademark Office to the Plaintiff, Leviton, as assignee of co-inventors, William R. Ziegler and Nicholas L. DiSalvo. (A copy of the '070 Patent is appended as Exhibit C).

9. On September 11, 2001, United States Patent No. 6,288,882 (the "'882 Patent"), entitled "Circuit Breaker With Independent Trip and Reset Lockout," was duly and legally issued by the United States Patent and Trademark Office to the Plaintiff, Leviton, as assignee of co-inventors, Nicholas L. DiSalvo, William R. Ziegler, Franz Germain, David Herzfeld, Stephen Stewart and Roger M. Bradley. (A copy of the '882 Patent is appended as Exhibit D).

10. On April 30, 2002, United States Patent No. 6,381,112 (the "'112 Patent"), entitled "Reset Lockout for Circuit Interrupting Device," was duly and legally issued by the United States Patent and Trademark Office to the Plaintiff, Leviton, as assignee of inventor, Nicholas L. DiSalvo. (A copy of the '112 Patent is appended as Exhibit E).

11. On August 20, 2002, United States Patent No. 6,437,953 (the "'953 Patent"), entitled "Circuit Interrupting Device With Reverse Wiring Protection," was duly and legally issued by the United States Patent and Trademark Office to the Plaintiff, Leviton, as assignee of co-inventors, Nicholas L. DiSalvo and William R. Ziegler. (A copy of the '953 Patent is appended as Exhibit F). The Plaintiff Leviton is the sole owner of all right, title and interest in the aforesaid Reset Lockout Patents, including the right to sue and recover for past infringement thereof.

12. The well-known and non-functional appearance and arrangement of Leviton's GFCI has acquired secondary meaning in that the purchasing public, when seeing said

appearance and arrangement, believes products having said appearance and arrangement are products of Leviton's manufacture, quality standards, and have originated from Leviton. The purchasing public has come to recognize the well-known appearance and arrangement of the elements of Leviton's GFCI product line, and associates that appearance and arrangement with Leviton as the source of such products.

13. The USI Defendants are engaging in false advertising and false designation of origin through the sale throughout the United States of knock-offs of Leviton's patented GFCIs by packaging and selling USI Defendants' GFCIs with a prominent logo, "DESIGNED & ENGINEERED IN THE USA," together with the American flag in red, white and blue (appended hereto as Exhibit G). The USI Defendants are misleading consumers into believing that USI's knock-off GFCIs originate in the United States, when in fact said products were reverse-engineered and manufactured in China.

**FIRST CAUSE OF ACTION:
THE USI DEFENDANTS' PATENT INFRINGEMENT**

14. The Plaintiff repeats and reaffirms all of the allegations contained in the preceding paragraphs numbered 1 through 13, with the same force and effect as if fully set forth herein.

15. The USI Defendants, in violation of 35 U.S.C. § 271, have been, and are infringing one or more claims of the '967 Patent by making, using, offering to sell or selling, and/or inducing same in this Judicial District and/or elsewhere, GFCI products which embody the patented invention, and will continue to do so unless enjoined by this Court.

16. The USI Defendants' infringement has been, and continues to be, deliberate, willful and knowing.

17. By reason of the acts and practices of the USI Defendants, they have caused, are causing and, unless such acts and practices are enjoined by the Court, will continue to cause, immediate and irreparable harm to the Plaintiff, Leviton, for which there is no adequate remedy at law and for which Leviton is entitled to injunctive relief under 35 U.S.C. § 283.

18. As a direct and proximate consequence of the acts and practices of the USI Defendants, the Plaintiff, Leviton, has also been, is being, and unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which Leviton is entitled to relief under 35 U.S.C. § 284.

19. This is an exceptional case within the meaning of 35 U.S.C. § 285 and the Plaintiff, Leviton, is therefore entitled to its reasonable attorney's fees.

## SECOND CAUSE OF ACTION:
## THE USI DEFENDANTS' PATENT INFRINGEMENT

20. The Plaintiff repeats and reaffirms all of the allegations contained in the preceding paragraphs numbered 1 through 13, with the same force and effect as if fully set forth herein.

21. The USI Defendants, in violation of 35 U.S.C. § 271, have been, and are infringing one or more claims of the '558 Patent by making, using, offering to sell or selling, and/or inducing same in this Judicial District and/or elsewhere, GFCI products which embody the patented invention, and will continue to do so unless enjoined by this Court.

22. The USI Defendants' infringement has been, and continues to be, deliberate, willful and knowing.

23. By reason of the acts and practices of the USI Defendants, they have caused, are causing and, unless such acts and practices are enjoined by the Court, will continue to cause,

immediate and irreparable harm to the Plaintiff, Leviton, for which there is no adequate remedy at law and for which Leviton is entitled to injunctive relief under 35 U.S.C. § 283.

24.  As a direct and proximate consequence of the acts and practices of the USI Defendants, the Plaintiff, Leviton, has also been, is being, and unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which Leviton is entitled to relief under 35 U.S.C. § 284.

25.  This is an exceptional case within the meaning of 35 U.S.C. § 285 and the Plaintiff, Leviton, is therefore entitled to its reasonable attorney's fees.

### THIRD CAUSE OF ACTION: THE USI DEFENDANTS' PATENT INFRINGEMENT

26.  The Plaintiff repeats and reaffirms all of the allegations contained in the preceding paragraphs numbered 1 through 13, with the same force and effect as if fully set forth herein.

27.  The USI Defendants, in violation of 35 U.S.C. § 271, have been, and are infringing one or more claims of the '070 Patent by making, using, offering to sell or selling, and/or inducing same in this Judicial District and/or elsewhere, GFCI products which embody the patented invention, and will continue to do so unless enjoined by this Court.

28.  The USI Defendants' infringement has been, and continues to be, deliberate, willful and knowing.

29.  By reason of the acts and practices of the USI Defendants, the USI Defendants have caused, are causing and, unless such acts and practices are enjoined by the Court, will continue to cause, immediate and irreparable harm to the Plaintiff, Leviton, for which there is no

adequate remedy at law and for which Leviton is entitled to injunctive relief under 354 U.S.C. § 283.

30. As a direct and proximate consequence of the acts and practices of the USI Defendants, the Plaintiff, Leviton, has also been, is being, and unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which Leviton is entitled to relief under 35 U.S.C. § 284.

31. This is an exceptional case within the meaning of 35 U.S.C. § 285 and the Plaintiff, Leviton, is therefore entitled to its reasonable attorney's fees.

## FOURTH CAUSE OF ACTION: THE USI DEFENDANTS' PATENT INFRINGEMENT

32. The Plaintiff repeats and reaffirms all of the allegations contained in the preceding paragraphs numbered 1 through 13, with the same force and effect as if fully set forth herein.

33. The USI Defendants, in violation of 35 U.S.C. § 271, have been, and are infringing one or more claims of the '882 Patent by making, using, offering to sell or selling, and/or inducing same in this Judicial District and/or elsewhere, GFCI products which embody the patented invention, and will continue to do so unless enjoined by this Court.

34. The USI Defendants' infringement has been, and continues to be, deliberate, willful and knowing.

35. By reason of the acts and practices of the USI Defendants, they have caused, are causing and, unless such acts and practices are enjoined by the Court, will continue to cause, immediate and irreparable harm to the Plaintiff, Leviton, for which there is no adequate remedy at law and for which Leviton is entitled to injunctive relief under 35 U.S.C. § 283.

36. As a direct and proximate consequence of the acts and practices of the USI Defendants, Leviton has also been, is being, and unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which Leviton is entitled to relief under 35 U.S.C. § 284.

37. This is an exceptional case within the meaning of 35 U.S.C. § 285 and the Plaintiff, Leviton, is therefore entitled to its reasonable attorney's fees.

### FIFTH CAUSE OF ACTION: THE USI DEFENDANTS' PATENT INFRINGEMENT

38. The Plaintiff repeats and reaffirms all of the allegations contained in the preceding paragraphs numbered 1 through 13, with the same force and effect as if fully set forth herein.

39. The USI Defendants, in violation of 35 U.S.C. § 271, have been, and are infringing one or more claims of the '112 Patent by making, using, offering to sell or selling, and/or inducing same in this Judicial District and/or elsewhere, GFCI products which embody the patented invention, and will continue to do so unless enjoined by this Court.

40. The USI Defendants' infringement has been, and continues to be, deliberate, willful and knowing.

41. By reason of the acts and practices of the USI Defendants, they have caused, are causing and, unless such acts and practices are enjoined by the Court, will continue to cause, immediate and irreparable harm to the Plaintiff, Leviton, for which there is no adequate remedy at law and for which Leviton is entitled to injunctive relief under 35 U.S.C. § 283.

42. As a direct and proximate consequence of the acts and practices of the USI Defendants, the Plaintiff, Leviton, has also been, is being, and unless such acts and practices are

enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which Leviton is entitled to relief under 35 U.S.C. § 284.

43. This is an exceptional case within the meaning of 35 U.S.C. § 285 and the Plaintiff, Leviton, is therefore entitled to its reasonable attorney's fees.

### SIXTH CAUSE OF ACTION: THE USI DEFENDANTS' PATENT INFRINGEMENT

44. The Plaintiff repeats and reaffirms all of the allegations contained in the preceding paragraphs numbered 1 through 13, with the same force and effect as if fully set forth herein.

45. The USI Defendants, in violation of 35 U.S.C. § 271, have been, and are infringing one or more claims of the '953 Patent by making, using, offering to sell or selling, and/or inducing same in this Judicial District and/or elsewhere, GFCI products which embody the patented invention, and will continue to do so unless enjoined by this Court.

46. The USI Defendants' infringement has been, and continues to be, deliberate, willful and knowing.

47. By reason of the acts and practices of the USI Defendants, they have caused, are causing and, unless such acts and practices are enjoined by the Court, will continue to cause, immediate and irreparable harm to the Plaintiff, Leviton, for which there is no adequate remedy at law and for which Leviton is entitled to injunctive relief under 35 U.S.C. § 283.

48. As a direct and proximate consequence of the acts and practices of the USI Defendants, the Plaintiff, Leviton, has also been, is being, and unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has

suffered, is suffering, and will continue to suffer injury and damages for which Leviton is entitled to relief under 35 U.S.C. § 284.

49. This is an exceptional case within the meaning of 35 U.S.C. § 285 and the Plaintiff, Leviton, is therefore entitled to its reasonable attorney's fees.

## SEVENTH CAUSE OF ACTION:
## THE USI DEFENDANTS' UNFAIR COMPETITION

50. The Plaintiff repeats and reaffirms all of the allegations contained in the preceding paragraphs numbered 1 through 13, with the same force and effect as if fully set forth herein.

51. This cause of action is for unfair competition under the Lanham Act of the United States, including 15 U.S.C. §§ 1051 and 1125, by which the USI Defendants have, without consent or permission from Leviton, marketed, directly and/or indirectly, induced, and/or contributed to the marketing of products utilizing indicia likely to confuse persons in the marketplace that the products are products of Leviton.

52. The USI Defendants, in connection with their activities, have improperly and unlawfully utilized, copied, imitated, duplicated the distinctive trade dress, trademark and appearance design which Leviton has previously adopted and used, and which identify Leviton's GFCIs, thereby creating a likelihood of confusion in the minds of the purchasing public, as well as in the minds of those in the trade.

53. The USI Defendants, in violation of 15 U.S.C. § 1125, have been, and are engaging in, false advertising through the sale throughout the United States of knock-offs of Leviton's patented GFCIs by packaging and selling USI Defendants' GFCIs with a prominent logo, "DESIGNED & ENGINEERED IN THE USA," together with the American flag in red, white and blue (appended hereto as Exhibit G), thereby misleading consumers into believing that USI's knock-off GFCIs originate in the United States, when in fact said products were reverse-

engineered and manufactured in China. The USI Defendants' action of placing the logo "DESIGNED & ENGINEERED IN THE USA" together with the American flag is false and misleads the consuming public.

54. The USI Defendants falsely, and for the purpose of misleading the consuming public, wrongfully caused the placement of the logo "DESIGNED & ENGINEERED IN THE USA" together with the American flag, on the packaging of USI Defendants' knock-off GFCI products.

55. This advertising, labeling and statements are false and misleading in all material respects, done intentionally, wrongfully and without justification or privilege, resulting in the immediate and irreparable harm to the Plaintiff, Leviton.

56. The USI Defendants are deliberately attempting to trade upon the good will previously acquired by Leviton as a result of Leviton's diligent efforts.

57. The USI Defendants' GFCIs have been and continue to be offered for sale in direct competition with Leviton's GFCIs.

58. Unless such activities are enjoined, the USI Defendants' actions are likely to mislead and confuse the purchasing public and will cause the continued mistaken purchase and use of the USI Defendants' product in the incorrect belief that it originates with, or is sponsored by, Leviton.

59. The USI Defendants' willful and deliberate acts are likely to confuse and mislead the public and to thereby cause grave and irreparable harm to Leviton's business.

60. The Plaintiff has suffered, is suffering and will continue to suffer irreparable harm and damage as a result of the USI Defendants' aforesaid activities. The USI Defendants will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, all

to Leviton's irreparable damage.  Leviton's remedy at law is not adequate to compensate it for the injuries suffered and threatened.

61.  By reason of the USI Defendants' acts complained of herein, the Plaintiff, Leviton, has suffered monetary damages in an amount not yet determined.

62.  By reason of their acts and practices, the USI Defendants have caused, are causing and, unless such acts and practices are enjoined by the Court, will continue to cause, immediate and irreparable harm to the Plaintiff, Leviton, for which there is not adequate remedy at law and for which Leviton is entitled to injunctive relief.

63.  As a direct and proximate consequence of the acts and practices of the USI Defendants, the Plaintiff, Leviton, has also been, is being, and unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering and will continue to suffer injury and damages for which Leviton is entitled to relief.

### EIGHTH CAUSE OF ACTION:
### MARYLAND UNFAIR COMPETITION/UNFAIR BUSINESS PRACTICES

64.  The Plaintiff repeats and realleges the allegations of paragraphs 1 through 13 of this Complaint as fully set forth herein.

65.  The acts of USI Defendants, as alleged above, constitute unfair competition, in violation of the common law of Maryland.

66.  The products sold by the USI Defendants, as noted above, are a colorable imitation of the well-known and non-functional appearance and arrangement of Leviton's GFCI design, intended to make it appear that products which are, in fact distributed by the USI Defendants are, instead, products of Leviton's manufacture, quality standards, and that such USI products have originated from or had their source in Leviton when, in truth and in fact, they did

not. Such copying and colorable imitation of Leviton's GFCI products misleads consumers, and causes the ordinary prudent purchaser to confuse USI's products with those actually manufactured and sold by Leviton. The likelihood of confusion in such ordinary prudent purchasers is reinforced by USI's false advertising of USI products, through USI's misleading labeling and packaging.

67.   As a direct and proximate result of the acts and practices of the USI Defendants, the Plaintiff Leviton has suffered, and it will continue to suffer injury in its business and property, and it has suffered, and it will continue to suffer damages, in an amount yet to be determined, including lost profits resulting from the improper diversion of consumer sales and purchases from Leviton's products to the knock-offs sold by the USI Defendants, for which the Plaintiff Leviton is entitled to monetary and other relief.

68.   Unless the activities or the USI Defendants are enjoined, the USI Defendants actions are likely to continue to mislead and confuse the purchasing public and will cause the continued mistaken purchase and use of the USI Defendants' product in the incorrect belief that it originates with, or is sponsored by, or has its source in Leviton. The balance of harms weighs heavily in favor of Leviton: Leviton will be irreparably harmed unless the USI Defendants are enjoined and restrained from continuation of their unfair competition; the USI Defendants will not suffer harm if an injunction restraining such activity is issued.

69.   As a direct and proximate result of the USI Defendants' unfair competition, the Plaintiff has suffered, is suffering and will continue to suffer irreparable harm, for which Leviton's remedy at law is not adequate.

70.   The public interest compels the issuance of an injunction, to restrain and enjoin the USI Defendants from continuation of their unfair competition with Leviton.

## NINTH CAUSE OF ACTION:
## MARYLAND FALSE ADVERTISING LAW UNDER
## MD. COMM. LAW ANN. SEC. 11-703

71. The Plaintiff repeats and realleges the allegations of paragraphs 1 through 13 of this Complaint as fully set forth herein.

72. The USI Defendants' acts, as alleged above, constitute unfair business practices and false advertising, in violation of Maryland Commercial Law Ann. §§ 11-703.

73. The USI Defendants, as described above, have falsely advertised and falsely designated the origin of their products, through the sale in Maryland of knock-offs of Leviton's patented GFCIs, by packaging and selling the USI Defendants' GFCIs with a prominent logo, "DESIGNED & ENGINEERED IN THE USA," together with the American flag in red, white and blue (appended hereto as Exhibit G). Such packaging and labeling is advertising, within the meaning of Maryland Commercial Law Ann. §§ 11-701(b)(1). The products sold by the USI Defendants, moreover, as noted above, are copied from the well-known and non-functional appearance and arrangement of Leviton's GFCI design, to make it appear that products which are, in fact distributed by the USI Defendants are products of Leviton's manufacture, quality standards, and that such USI products have originated from or had their source in Leviton when, in truth and in fact, they did not. This copying of the well-known and non-functional appearance and arrangement of Leviton's GFCI design further misleads consumers, and reinforces the false advertising of USI products through USI's misleading labeling and packaging.

74. By selling their products in this manner, the USI Defendants have been misleading and continue to mislead consumers in a material way, that is, by misleading consumers into believing that USI's knock-off GFCIs originate in the United States, when in truth and in fact USI's products were reverse-engineered and manufactured in China. Such facts concerning the origin of products are important to the decisions made by consumers in

purchasing such products. Such false representations are made by statement, word and design, within the meaning of Maryland Commercial Law Ann. §§ 11-704.

75. As a direct and proximate result of the acts and practices of the USI Defendants, the Plaintiff Leviton has suffered, and it will continue to suffer injury in its business and property, and it has suffered, and it will continue to suffer damages, in an amount yet to be determined, including lost profits reulsting from the improper diversion of consumer sales and purchases from Leviton's products to the knock-offs sold by the USI Defendants, for which the Plaintiff Leviton is entitled to monetary and other relief.

76. Unless the activities or the USI Defendants are enjoined, the USI Defendants actions are likely to continue to mislead and confuse the purchasing public and will cause the continued mistaken purchase and use of the USI Defendants' product in the incorrect belief that it originates with, or is sponsored by, or has its source in Leviton. The balance of harms weighs heavily in favor of Leviton: Leviton will be irreparably harmed unless the USI Defendants are enjoined and restrained from continuation of their false and misleading advertising; the USI Defendants will not suffer harm if an injunction restraining such activity is issued.

77. As a direct and proximate result of the USI Defendants' false advertising of its products, the Plaintiff has suffered, is suffering and will continue to suffer irreparable harm, for which Leviton's remedy at law is not adequate.

78. The public interest compels the issuance of an injunction, to restrain and enjoin the USI Defendants from continuation of their false advertising.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Leviton, respectfully prays for a Judgment from this Court that:

a) The Plaintiff, Leviton, is the owner of the entire right, title and interest in and to the Reset Lockout Patents, including the right to sue and recover for past infringement thereof;

b) The Reset Lockout Patents were duly and legally issued, are valid and enforceable, and are infringed by the USI Defendants;

c) The USI Defendants and those acting in concert with them be permanently enjoined from engaging in further acts of infringement of said Reset Lockout Patents pursuant to 35 U.S.C. § 283;

d) This Court order the USI Defendants and their officers, agents, servants and employees, to deliver up to this Court for destruction, all products of the USI Defendants which are infringing upon the rights of Leviton and that the USI Defendants submit in writing, under Oath, a description of all actions taken to comply with this portion of the Order, within one month of the issuance of any order;

e) The USI Defendants be required to account to Leviton for any and all profits thus derived by them, and be ordered to compensate Leviton for all damages sustained by Leviton by reason of the acts of patent infringement set forth herein, and that the damages herein be trebled;

f) The USI Defendants be ordered to pay over to Leviton all of their respective gains, profits and advantages derived from sales obtained by infringement together with compensation for all damages sustained by Leviton as a result of

their wrongful acts of infringement and, in view of the willful and deliberate nature of their acts, that such amount be trebled;

g) The USI Defendants be ordered to pay the costs of this action and to pay to Leviton the reasonable attorneys' fees expended by Leviton in this action for infringement, together with all of the other costs and disbursements therein;

h) The Plaintiff, Leviton, be awarded damages adequate to compensate for the USI Defendants' infringement of said Reset Lockout Patents together with prejudgment interest, said damages to be trebled pursuant to 35 U.S.C. § 284;

i) The Plaintiff, Leviton, be awarded its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

j) The Plaintiff, Leviton, have such other and further relief as this Court deems just and equitable;

k) After a hearing on the merits, this Court shall order a recall of all existing USI Defendants' GFCIs bearing the designation "DESIGNED & ENGINEERED IN THE USA" and with any offending trademark or trade dress;

l) This Court shall issue an order prohibiting the USI Defendants from making any false descriptions or representations relating to the advertising, origin or nature of its GFCI product line;

m) This Court shall issue a permanent injunction prohibiting USI Defendants from manufacturing, advertising, offering for sale, selling and/or distributing its GFCI product line bearing the designation "DESIGNED & ENGINEERED IN THE USA" and with any offending trademark or trade dress, pursuant to 15 U.S.C. § 1116;

n)  This Court order Defendants account for, deliver and destroy all offending products bearing the designation "DESIGNED & ENGINEERED IN THE USA," and with any offending trademark or trade dress;

o)  This Court shall grant the Plaintiff an equitable accounting of the USI Defendants' profits and award the Plaintiff judgment for its damages or the USI Defendants' profits, whichever are greater, arising from the USI Defendants' false advertising, deceptive acts and practices, and unfair competition, pursuant to 15 U.S.C. § 1117;

p)  This Court shall order judgment for three times the USI Defendants' profits or any damages suffered by the Plaintiff, whichever is greater, including reasonable attorneys' fees and the costs of this action, pursuant to 15 U.S.C. § 1117; and

p)  This Court shall award the Plaintiff exemplary or punitive damages on the Plaintiff's state law claims due to the USI Defendants' intentional acts in violation of the rights of the Plaintiff, and USI Defendants' deceptive acts and practices and unfair competition.

## **JURY DEMAND**

Pursuant to Rule 38(b), Fed. R. Civ. P., the Plaintiff, Leviton, demands a trial by jury of any issue triable of right by a jury.


Dated: June 10, 2003

/s/
D. Christopher Ohly
Federal Bar No. 01725
BLANK ROME LLP
The Farragut Building
900 17th Street, N.W., Suite 1000
Washington, D.C. 20006
(202) 530-7400
(202) 463-6915 (facsimile)

Paul J. Sutton (PS 8630)
Barry G. Magidoff (BM 6384)
Joseph M. Manak
Brad S. Needleman
Joseph G. Lee
GREENBERG TAURIG, LLP
885 Third Avenue
New York, New York 10022
(212) 801-2100
(212) 688-2449 (facsimile)

Attorneys for the Plaintiff ,
*Leviton Manufacturing Company., Inc.*