## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

LEVITON MANUFACTURING CO., INC.,

       Plaintiff

v.

UNIVERSAL SECURITY INSTRUMENTS, INC., *et al.*,

       Defendants

Civil Action No. AMD 03-CV-1701

## DEFENDANTS' JOINT ANSWER

Defendants, Universal Security Instruments, Inc. and USI Electric, Inc. (hereafter collectively referred to as "USI" or "Defendants"), through their attorneys, hereby Answer and otherwise respond to Plaintiff's, Leviton Manufacturing, Inc.'s (hereinafter "Leviton" or "Plaintiff") Complaint.

### ANSWER TO COMPLAINT

1.     USI admits that the action sounds in patent infringement under Title 35 of the United States Code, unfair competition and false advertising under Title 15 of the United States Code, and unfair competition under the laws of the State of Maryland as averred in paragraph 1 of Plaintiff's Complaint, but denies the validity and basis for same.

2.     USI admits that this Court has jurisdiction over the matters averred, but denies the validity and basis for such averments.

3.      USI admits that venue is proper in this judicial district over the matters averred, but denies the validity and basis for such averments.

4.      USI is without sufficient knowledge or information to form a belief as to the truth of certain of the allegations contained in Paragraph 4 and leaves Plaintiff to its proof thereof and denies same.

5.      Each of the named Defendants, USI admit that they are corporations organized under the laws of the State of Maryland, with their principal place of business at 7-A Gwynns Mill Court, Owings Mills, Maryland 21117, and conduct business in this District and in the State of Maryland.

6.      USI denies that United States Patent No. 6,040,967 was duly and lawfully issued by the United States Patent Office and is without sufficient information and knowledge as to the remaining allegations of Paragraph 6 of the Plaintiff's Complaint and, therefore, denies the same and leaves Plaintiff to its proof.

7.      USI denies that United States Patent No. 6,246,558 was duly and lawfully issued by the United States Patent Office and is without sufficient information and knowledge as to the remaining allegations of Paragraph 7 of Plaintiff's Complaint and, therefore, denies the same and leaves Plaintiff to its proof.

8.      USI denies that United States Patent No. 6,282,070 was duly and lawfully issued by the United States Patent Office and is without sufficient information and knowledge as to the remaining allegations of Paragraph 8 of Plaintiff's Complaint and, therefore, denies the same and leaves Plaintiff to its proof.

9.      USI denies that United States Patent No. 6,288,882 was duly and lawfully issued by the United States Patent Office and is without sufficient information

and knowledge as to the remaining allegations of Paragraph 9 of Plaintiff's Complaint and, therefore, denies the same and leaves Plaintiff to its proof.

10.    USI denies that United States Patent No. 6,381,112 was duly and lawfully issued by the United States Patent Office and is without sufficient information and knowledge as to the remaining allegations of Paragraph 10 of Plaintiff's Complaint and, therefore, denies the same and leaves Plaintiff to its proof.

11.    USI denies that United States Patent No. 6,437,953 was duly and lawfully issued by the United States Patent Office and is without sufficient information and knowledge as to the remaining allegations of Paragraph 11 of Plaintiff's Complaint and, therefore, denies the same and leaves Plaintiff to its proof.

12.    Denied.

13.    Denied.

14.    Unless otherwise previously admitted in the preceding paragraphs 1-13, USI denies the allegations in paragraph 14.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Unless otherwise previously admitted in the preceding paragraphs 1-13, USI denies the allegations in paragraph 20.

21.    Denied.

22.    Denied.

3

23.    Denied.

24.    Denied.

25.    Denied.

26.    Unless otherwise previously admitted in the preceding paragraphs 1-13, USI denies the allegations in paragraph 26.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Unless otherwise previously admitted in the preceding paragraphs 1-13, USI denies the allegations in paragraph 32.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Unless otherwise previously admitted in the preceding paragraphs 1-13, USI denies the allegations in paragraph 38.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Unless otherwise previously admitted in the preceding paragraphs 1-13, USI denies the allegations in paragraph 44.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Unless otherwise previously admitted in the preceding paragraphs 1-13, USI denies the allegations in paragraph 50.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Unless otherwise previously admitted in the preceding paragraphs 1-13, USI denies the allegations in paragraph 64.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Unless otherwise previously admitted in the preceding paragraphs 1-13, USI denies the allegations in paragraph 71.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

## AFFIRMATIVE DEFENSES

USI asserts the following affirmative defenses.

First Affirmative Defense

### (No Infringement - Patent)

USI has not infringed, either literally or under the doctrine of equivalents, contributed to infringement by others, or actively induced others to infringe, any claim of

any of U.S. Patent Nos. 6,040,967; 6,246,558; 6,282,070; 6,288,882; 6,381,112; and 6,437,953.

Second Affirmative Defense

**(No Infringement - Trade Dress)**

USI has not infringed any protectable trade dress rights in the asserted ground fault circuit interrupter configuration.

Third Affirmative Defense

**(No False Advertising)**

USI has not engaged in false advertising nor misled consumers as to the country of manufacture of its GFCIs in violation of § 1125 of the Lanham Act or Maryland Commercial Law Ann. §§ 11-703.

Fourth Affirmative Defense

**(No Unfair Competition/Unfair Business Practices)**

USI has not engaged in any unfair competition in violation of the common law of Maryland or Maryland Commercial Law Ann. §§ 11-730.

Fifth Affirmative Defense

**(Invalid and Unenforceable - Patent)**

U.S. Patent Nos. 6,040,967; 6,246,558; 6,282,070; 6,288,882; 6,381,112; and 6,437,953 4,595,894 are invalid and unenforceable for failure to comply with 35 U.S.C. § 101 *et seq.* and 37 C.F.R. Chapter 1.

Sixth Affirmative Defense

**(Misuse - Patent)**

7

U.S. Patent Nos. 6,040,967; 6,246,558; 6,282,070; 6,288,882; 6,381,112; and 6,437,953 are unenforceable under the doctrine of patent misuse.

Seventh Affirmative Defense

**(Invalid and Unenforceable – Trade Dress)**

Plaintiff owns no trade dress rights in the asserted ground fault circuit interrupter configuration as, for example, that configuration is *de jure* and *de facto* functional.

Eight Affirmative Defense

**(Claim Preclusion – Trade Dress/Unfair Competition)**

Plaintiff's Lanham Act claims and state law claims are barred by the doctrine of claim preclusion.

Ninth Affirmative Defense

**(Collateral Estoppel and Res Judicata – Trade Dress/Unfair Competition)**

Plaintiff's trade dress and unfair competition claims are barred by the doctrines of collateral estoppel and res judicata.

Tenth Affirmative Defense

**(Estoppel – Trade Dress)**

Plaintiff is estopped from asserting the asserted ground fault circuit interrupter configuration against USI.

Eleventh Affirmative Defense

**(Laches – Trade Dress)**

The asserted ground fault circuit interrupter configuration is unenforceable against USI and barred under the doctrine of laches.

Twelfth Affirmative Defense

**(General Denial)**

USI has not engaged in wrongful conduct as alleged in Plaintiff's Complaint.

Thirteenth Affirmative Defense

**(No Legal Recovery)**

Plaintiff has not suffered any legally recoverable damages as a result of any conduct by USI.

Fourteenth Affirmative Defense

**(Failure to State a Claim)**

Plaintiff has failed to state a claim upon which relief can be granted.

Fifteenth Affirmative Defense

**(Right to Assert Defenses that Develop)**

USI reserves the right to assert any additional or further affirmative defenses which may arise in the course of this proceeding.

**WHEREFORE**, Defendants, USI, pray for:

A. A judgment dismissing the Complaint with prejudice;

B. A judgment declaring U.S. Patent Nos. 6,040,967; 6,246,558; 6,282,070; 6,288,882; 6,381,112; and 6,437,953 to be invalid and void;

C. A judgment declaring U.S. Patent Nos. 6,040,967; 6,246,558; 6,282,070; 6,288,882; 6,381,112; and 6,437,953 to be unenforceable;

D. A judgment declaring that Defendants have not infringed any claim of any of U.S. Patent Nos. 6,040,967; 6,246,558; 6,282,070; 6,288,882; 6,381,112; and 6,437,953;

E.   A judgment enjoining Plaintiff from instituting, prosecuting, threatening to initiate civil action or proceeding, and/or asserting rights in U.S. Patent Nos. 6,040,967; 6,246,558; 6,282,070; 6,288,882; 6,381,112; and 6,437,953 against Defendants or others;

F.   A judgment declaring this case to be exceptional under 35 U.S.C. §285;

G.   A judgment that Defendants have not engaged in false advertising or unfair competition;

H.   A judgment that Plaintiff has no protectable trade dress rights;

I.   A judgment declaring this case to be exceptional under 15 U.S.C. §1117;

J.   Costs of this litigation to be awarded to Defendants;

K.   Defendants to be awarded their reasonable attorneys fees pursuant to 35 U.S.C. §285 and 15 U.S.C. §1117; and

L.   The Court to award any other relief that it deems just and proper.

Respectfully submitted,

                                /s/
                        Maurice U. Cahn
                        Fredrick N. Samuels
                        William E. Bradley

                        CAHN & SAMUELS LLP
                        2000 P Street, NW Suite 200
                        Washington, DC 20036
                        (202) 331-8777
                        (202) 331-3838 FAX

                        Attorneys for Defendants